UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE, | No. 2:23-cv-2001 CSK P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 6, 2024, the court dismissed plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff's first amended complaint is before the court. (ECF No. 9.)

Plaintiff alleges that he was subjected to the use of excessive force during his arrest on May 31, 2023, in violation of the Fourth and Eighth Amendments, and his right to equal protection.

Plaintiff's first amended complaint included no facts supporting a claim under the Equal Protection Clause of the Fourteenth Amendment.[1] Such claim is dismissed with leave to amend.

---

[1] The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. This "is essentially a direction that all similarly situated persons should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To establish a § 1983 equal protection violation, the plaintiff[ ] must show that the defendants, acting under color of state law, discriminated against [him] as [a] member[ ] of an identifiable class and that

1

Based on plaintiff's factual allegations, the undersigned analyzes the claims under the Fourth Amendment, as claims of excessive force during an arrest of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989) (internal quotation marks omitted); see also Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005) (*en banc*) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in Graham v. Connor."); see also Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of L.A., 833 F.3d 1060 (9th Cir. 2016).

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Fourth Amendment claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055, for the alleged use of excessive force during his arrest on May 31, 2023. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the amended complaint does not state a cognizable Fourth Amendment claim against the remaining defendants. Although plaintiff names Detective or Sgt. Feil as a defendant, plaintiff's allegations demonstrate that Sgt. Feil intervened when Detectives Hertoghe and Langensiepin wanted to take plaintiff in for questioning rather than take him to medical care.[2] (ECF No. 9 at 6.) Sgt. Feil instructed such officers to take plaintiff to a hospital, which they did. Such allegations fail to state a cognizable civil rights claim against defendant Feil. Further, plaintiff included no charging allegations as to the County of

---

the discrimination was intentional" or resulted from deliberate indifference. Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003).

[2] In the defendants' section of the first amended complaint, plaintiff claims Feil is employed as a detective, but in the text of the pleading, plaintiff refers to Feil as Sgt. Feil.

Sacramento or the Sacramento County Sheriff's Department.  Therefore, plaintiff's claims against defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department are dismissed with leave to amend.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055, and pursue claims against only those defendants.  If plaintiff elects to proceed forthwith against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055, against whom he stated potentially cognizable Fourth Amendment claims for relief, then within thirty days plaintiff must so elect on the appended form.  In this event the court will construe plaintiff's election as consent to dismissal of his putative equal protection claim, as well as defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department, without prejudice.  Under this option, plaintiff does not need to file a second amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department.  If plaintiff elects to attempt to amend his complaint to state an equal protection claim or to state cognizable civil rights claims against defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department, he has thirty days to do so.  Plaintiff is not granted leave to add new claims or new defendants.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

3

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's putative equal protection claim, his Eighth Amendment claims, and defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to rectify the above deficiencies. Plaintiff is not obliged to amend his pleading.

2. The allegations in the first amended complaint are sufficient to state potentially

cognizable Fourth Amendment excessive force claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the equal protection claim, the Eighth Amendment claims, and the remaining defendants without prejudice.

     3.  Failure to comply with this order will result in a recommendation that the putative equal protection claim, the Eighth Amendment claims, and defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department be dismissed without prejudice, and this action will proceed solely on plaintiff's Fourth Amendment excessive force claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055.

Dated:  April 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/broo2001.14o

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-2001 CSK P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

_____　　Plaintiff opts to proceed with his excessive force claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, Gabriel Montano, all detectives with the Sacramento County Sheriff's Department, and Deputy Carver, Badge #1055.  Under this option, plaintiff consents to dismissal of the putative equal protection claim, Eighth Amendment claims, and defendants Feil, the County of Sacramento, and the Sacramento County Sheriff's Department, without prejudice.

　　　　**OR**

\_\_\_\_\_　　Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Plaintiff

1