UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE, | No. 2:23-cv-2001 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. On May 3, 2024, plaintiff filed a second amended complaint. (ECF No. 13.) In his fourth claim, plaintiff alleges that he submitted multiple grievances, but Sacramento County Jail staff returned his grievances with no response, and despite his complaints to the Sacramento County Sheriff's Department Professional Standards Division, plaintiff did not receive an interview on his allegations included in his grievances or on his complaints to the Professional Standards Division.[1] Plaintiff contends that jail staff's failure to properly handle his grievances violated his right to Fourteenth Amendment due process. (ECF No. 13 at 8.)

The Due Process Clause protects plaintiff against the deprivation of liberty without due process under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, "[t]here is no

---

[1] By separate order, the Court addressed plaintiff's potentially cognizable Fourth Amendment allegations raised in claims one through three against the remaining defendants.

1

legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citations omitted).  Further, the failure to follow grievance procedures does not give rise to a due process claim.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted).  A prison or jail official's denial of a grievance does not itself violate the constitution.  Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015).  "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."  Daniels v. Aguilera, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), report and recommendation adopted, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

Plaintiff cannot state a cognizable civil rights claim based on jail staff failing to reply to plaintiff's grievances.  Thus, plaintiff's fourth claim should be dismissed with prejudice.

Further Leave to Amend

The Court considered whether plaintiff should be granted another opportunity to amend.  However, plaintiff has been granted multiple opportunities to amend, and he cannot amend to state a cognizable Fourteenth Amendment claim against the County of Sacramento based on jail staff's failure to properly handle plaintiff's grievances.  Because such deficiency cannot be cured in this context, and plaintiff was provided two prior opportunities to amend his original complaint, the Court finds it would be futile to grant plaintiff further leave to amend.  See Schmier v. U.S. Ct. of Appeals for Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (finding dismissal without leave to amend proper where further factual allegations could not cure deficiencies).

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

////

IT IS RECOMMENDED that plaintiff's fourth cause of action alleging a violation of his Fourteenth Amendment due process rights (ECF No. 13 at 8) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/broo2001.56