UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | No.  2:23-cv-2001 CSK P<br><br>ORDER AND REVISED SCHEDULING ORDER |

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff's request for subpoenas and defendants' motion to compel discovery is before the Court.  As discussed below, plaintiff's request and defendants' motion to compel are denied without prejudice.

I.    PLAINTIFF'S ALLEGATIONS

      This action proceeds on plaintiff's Fourth Amendment claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, all detectives with the Sacramento County Sheriff's Department, and Gabriel Montano and Jason Carver, Badge #1055, both deputies with the Sacramento County Sheriff's Department, for the alleged use of excessive force during plaintiff's arrest on May 31, 2023.

II.    BACKGROUND

      This action proceeds on plaintiff's second amended complaint.  (ECF No. 13.)

1

1  Defendants filed an answer on November 20, 2024, and the Court issued its discovery and
2  scheduling order on November 25, 2024.  (ECF No. 22, 23.)  On February 5, 2025, plaintiff filed
3  a document styled, "Submission of Subpoena To Obtain Medical Records."  (ECF No. 28.)
4  Plaintiff seeks medical records from Sacramento County Main Jail Adult Correctional Health and
5  Mercy San Juan Hospital.  (Id.)

6  Plaintiff was deposed on March 20, 2025.  (ECF No. 31 at 4.)  On March 21, 2025,
7  defendants filed a motion to compel further responses to requests for production of documents.
8  (ECF No. 30.)  On April 10, 2025, plaintiff filed an opposition, and on April 24, 2025, defendants
9  filed a reply.  (ECF Nos. 31, 32.)

10  III.    PLAINTIFF'S REQUEST FOR SUBPOENAS

11  In his submission, which the Court construes as a request for subpoenas, plaintiff states
12  that he has had difficulty obtaining information responsive to defendants' request for production
13  of documents, "after numerous requests and difficulties obtaining the information to issue
14  requests," and therefore requests that the Court issue subpoenas to Sacramento County Main Jail
15  Adult Correctional Health and Mercy San Juan Hospital to obtain medical records.  (ECF No. 28
16  at 1.)  Plaintiff provided a subpoena directed to Mercy San Juan Hospital in which he requested
17  medical records "pertaining to the date of May 2, 2023," and "any and all medical records for
18  Larry Brookshire."  (Id. at 5.)  He also provided a subpoena directed to Adult Correctional Health
19  at the Sacramento County Main Jail in which he sought his medical records from May 31, 2023,
20  to January 1, 2025.  (Id. at 10.)

21  IV.    DEFENDANTS' MOTION TO COMPEL

22  A.  The Parties' Positions

23  Defendants seek an order compelling plaintiff to provide amended responses to Request
24  for Production of Documents Nos. 1-5, and 10.  (ECF No. 30.)  Plaintiff objects that he did not
25  receive the meet and confer letter defendants claim was mailed to plaintiff on February 18, 2025,
26  and he points out the letter they submitted as an exhibit did not provide a proof of service
27  indicating it was mailed to plaintiff, or the date it was mailed.  (ECF No. 31 at 2.)  Further, on
28  April 1, 2025, plaintiff submitted amended answers to defendants' request for production of

2

documents  (Id. at 3.)  Plaintiff states that he provided all documents he had in his possession on March 5, 2025, and the only documents he subsequently received was the summary of medical records plaintiff obtained from adult correctional health, dated March 12, 2025, which plaintiff sent to defendants with his amended responses.  (Id. at 4.)  Plaintiff states he attempted to provide defense counsel with a copy of the same documents at plaintiff's March 20, 2025 deposition, but he claims defense counsel refused to accept them.  (Id.)

In reply, defendants acknowledge that on April 7, 2025, they received plaintiff's amended responses to defendants' request for production of documents, but maintain the amended responses remain inadequate or are not responsive to defendants' requests.  Defendants contend plaintiff's amended responses do not moot the motion to compel and plaintiff should be ordered to fully comply with his obligation to produce documents or state definitively in the responses that he has no other documents other than those already produced.  (ECF No. 32 at 2.)  However, if the Court finds that the current motion is moot, defendants "suggest that this Court extend the deadline for defendants to re-file the motion to compel, if necessary, following any further meet and confer discussions regarding the amended responses."  (Id.)

B.  Governing Rules

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  Unless the court orders otherwise, to serve a party that is represented by an attorney, service must be made to the attorney.  See Fed. R. Civ. P. 5(b)(1) and (b)(2)(A)-(F).

C.  Discussion

The record shows that plaintiff has attempted in good faith to cooperate in discovery.  On January 31, 2025, plaintiff signed a release of medical records submitted to the Sacramento

3

1   County Jail Adult Correctional Health.  (ECF No. 31 at 89.)  Plaintiff also submitted requests for
2   medical records to Mercy San Juan Hospital.  (Id. at 92.)  However, it appears plaintiff did not
3   receive such records as evidenced by his request for subpoenas filed with this Court on February
4   5, 2025 (ECF No. 28), before defendants filed the instant motion to compel further discovery
5   responses.  It also appears that plaintiff was willing to meet and confer with defendants prior to
6   the filing of the motion to compel, but plaintiff did not receive defendants' meet and confer letter.

7         Rather than require the already burdened U.S. Marshals Service to serve subpoenas duces
8   tecum on the Sacramento County Mail Jail Adult Correctional Health unit or Mercy San Juan
9   Hospital, it appears that the parties can resolve the production of these medical records by
10  plaintiff providing defendants with his authorization to release medical records to defendants, and
11  defendants providing plaintiff with a copy of the medical records obtained by defendants.  In the
12  meantime, plaintiff should also provide defendants with a declaration confirming that he has
13  provided all documents in his physical possession relevant to the defendants' request for
14  production of documents.

15        Because plaintiff's request for subpoenas was filed prior to the motion to compel, and
16  plaintiff provided amended responses after the motion was filed, the Court denies defendants'
17  motion to compel discovery as moot, but without prejudice to renewal if the parties are unable to
18  resolve the outstanding responses to requests for production of documents Nos. 1 – 5 and 10, and
19  obtain the relevant medical records.  Plaintiff's request for subpoenas is denied without prejudice.
20  If defendants are unable to obtain the relevant medical records by plaintiff's authorization and
21  release, plaintiff may renew his request for subpoenas, making sure to specifically set forth the
22  relevant time frame for the records sought.

23        In light of this order, the Court sua sponte extends the deadline to complete discovery,
24  solely for the purpose of resolving plaintiff's responses to requests for production of documents
25  Nos. 1 – 5 and 10, obtaining relevant medical records from Sacramento County Mail Jail Adult
26  Correctional Health and Mercy San Juan Hospital, and, if appropriate, filing a renewed motion to
27  compel further discovery responses.  The Court is not inclined to further extend this deadline;
28  thus, the parties are encouraged to meet and confer without delay to obtain such records.

In light of this order, the Court also extends the deadline for filing pretrial motions. In all other respects, the November 25, 2024 discovery and scheduling order (ECF No. 23) remains in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery (ECF No. 30) is denied without prejudice;

2. Plaintiff's request for subpoenas (ECF No. 28) is denied without prejudice; and

3. The discovery and scheduling order (ECF No. 23) is revised as follows:

    A. The discovery deadline is extended to July 31, 2025, for the sole purpose of resolving plaintiff's responses to defendants' requests for production of documents Nos. 1 – 5 and 10, obtaining relevant medical records from Sacramento County Mail Jail Adult Correctional Health and Mercy San Juan Hospital, and, if appropriate, filing a renewed motion to compel further discovery responses. The parties are encouraged to meet and confer without delay to obtain such records.

    B. The pretrial motions deadline is extended to October 31, 2025.

    C. In all other respects, the November 25, 2024 discovery and scheduling order (ECF No. 23) remains in effect.

Dated: May 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/broo2001.mtc