UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | No.  2:23-cv-2001 CSK P<br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis.  Plaintiff's fully briefed motions to compel discovery responses are before the Court.  (ECF No. 34, 35.)  On August 8, 2025, plaintiff renewed his motion to obtain copies of his medical records from Mercy San Juan Medical Center.  (ECF No. 38.)  As discussed below, plaintiff's motions to compel (ECF No. 34, 35) are denied as untimely; defendants are relieved of their obligation to respond to plaintiff's recent motion; counsel for defendants is directed to send plaintiff a hard copy of the medical records from Mercy San Juan Medical Center; and plaintiff's August 8, 2025 motion (ECF No. 38) is denied as moot.

I.    PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's Fourth Amendment claims against defendants Fred Rodrigues, Andrey Nedeoglo, Joshua Langensiepen, William Hertoghe, all detectives with the

1

Sacramento County Sheriff's Department, and Gabriel Montano and Jason Carver, Badge #1055, both deputies with the Sacramento County Sheriff's Department, for the alleged use of excessive force during plaintiff's arrest on May 31, 2023.

II.     BACKGROUND

This action proceeds on plaintiff's second amended complaint.  (ECF No. 13.)  Defendants filed an answer on November 20, 2024, and the Court issued its discovery and scheduling order on November 25, 2024.  (ECF No. 22, 23.)  The order explained that discovery requests shall be served by the party seeking the discovery on all parties to the action, and that discovery requests shall not be filed with the court except when required by Local Rules 250.1 through 250.4.  (ECF No. 23 at 4.)  Further, the order granted the parties 45 days to respond to written discovery requests.  (Id. at 4.)  The order also required that all requests for discovery pursuant to Rules 31, 33, 34 or 36 of the Federal Rules of Civil Procedure must be served not later than sixty days prior to the March 21, 2025 discovery deadline.  (ECF No. 23 at 5.)  In other words, pursuant to the discovery order, discovery requests must have been served on or before January 20, 2025, and any motions to compel discovery responses must have been filed on or before March 21, 2025.  (Id.)

Plaintiff was deposed on March 20, 2025.  (ECF No. 31 at 4.)  On May 28, 2025, the Court denied without prejudice plaintiff's request for subpoenas (ECF No. 28) and defendants' motion to compel further responses to requests for production of documents.  (ECF No. 33.)  The discovery deadline was extended to July 31, 2025, for the sole purpose of resolving plaintiff's responses to defendants' requests for production of documents Nos. 1 – 5 and 10, obtaining relevant medical records from Sacramento County Mail Jail Adult Correctional Health and Mercy San Juan Hospital, and, if appropriate, filing a renewed motion to compel further discovery responses.  (Id. at 5.)  The parties were informed that the Court was not inclined to further extend the discovery deadline, and encouraged the parties to meet and confer without delay to obtain such records.  (Id.)

On June 20, 2025, plaintiff filed a motion to compel further responses to production of documents.  (ECF No. 34.)  On June 25, 2025, plaintiff filed a motion to compel further responses

to requests for admission and requests for production of document. (ECF No. 35.) On July 10, 2025, defendants filed an opposition to both motions to compel. (ECF No. 36.) On July 25, 2025, plaintiff filed a reply. (ECF No. 37.)

On August 8, 2025, plaintiff filed a motion seeking copies of his medical records from Mercy San Juan Medical Center. (ECF No. 38.)

III. RULES GOVERNING DISCOVERY MOTIONS

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

IV. PLAINTIFF'S MOTIONS TO COMPEL

Plaintiff's motions to compel further responses to requests for production, requests for admission and requests for production are untimely. As set forth above, motions to compel discovery were due on or before March 21, 2025. (ECF No. 23 at 5.) Plaintiff's motions were not accompanied by a proof of service, but his first motion was signed on June 16, 2025, and his second motion was signed on June 23, 2025. (ECF Nos. 34 at 17, 35 at 3.) Thus, granting

3

1    plaintiff the benefit of the mailbox rule, his motions were submitted to jail authorities in June
2    2025, well after the March 21, 2025 discovery deadline expired. Thus, plaintiff's motions are
3    untimely and are denied. (ECF Nos. 34, 35.)

4        Plaintiff attempts to excuse his untimeliness based on his pro se status and errors in
5    sending the discovery requests to the Court, rather than to counsel for defendants. However, the
6    Court's discovery and scheduling order gave specific instructions that discovery requests were to
7    be served on the parties and not the court. (ECF No. 23 at 4.) In addition, the same order
8    informed the parties that motions to compel were to be filed by the discovery deadline, on or
9    before March 21, 2025. (Id. at 5.) Plaintiff's excuses are not persuasive. Although pro se
10   litigants are held to less stringent standards than represented parties, Jackson v. Carey, 353 F3d
11   750, 757 (9th Cir. 2003), they must still comply with the procedural or substantive rules of the
12   court. See King v. Atiyeh, 814 F2d 565, 567 (9th Cir. 1987), overruled on other grounds by
13   Lacey v. Maricopa Cnty., 693 F3d 896 (9th Cir. 2012).

14       To the extent plaintiff believed the May 28, 2025 order extended plaintiff's deadline for
15   filing his discovery motions, plaintiff is mistaken. The extension of the discovery deadline was
16   solely for the purpose of resolving plaintiff's responses to defendants' requests for production of
17   documents Nos. 1 – 5 and 10, obtaining relevant medical records from Sacramento County Main
18   Jail Adult Correctional Health and Mercy San Juan Hospital, and, if appropriate, defendants filing
19   a renewed motion to compel further discovery responses. (ECF No. 33 at 5.) Defendants did not
20   renew their motion to compel further discovery responses.

21       Review of defendants' discovery response to plaintiff's request for production no. 8
22   demonstrates that on March 20, 2025, defendants provided plaintiff with his medical file from the
23   date of his incarceration at the Sacramento County Jail, May 31, 2023, Bates Stamped DEF
24   000027-000399. (ECF No. 34 at 31.) In plaintiff's reply to defendants' opposition, he objects
25   that rather than meet and confer with plaintiff concerning the production of medical records, on
26   May 2, 2025, defendants subpoenaed plaintiff's medical records from Mercy San Juan Medical
27   Center for the May 1, 2023, through May 31, 2023 time frame. (ECF No. 37.) Plaintiff provided
28   copies of the subpoenas, as well as the May 2, 2025 letter from Array, the company hired to

obtain the medical records, and addressed to plaintiff. (Id. at 27-45.) Array's letter informed plaintiff that he could obtain a duplicate electronic copy of the records, but advised he would be charged a $40.00 basic fee, $0.40/page black & white, $1.00/page color, and shipping charges, and could potentially be subject to additional charges. (Id. at 30.) On May 19, 2025, plaintiff requested a duplicate set of the medical records, but informed Array that plaintiff is indigent and incarcerated, without an email address or access to one, and therefore could not pay for the service. (Id. at 46.) Plaintiff has not received a copy of the medical records from Mercy San Juan Medical Center, either from Array or counsel for defendants, as evidenced by plaintiff's recent motion, filed August 8, 2025, again seeking such records. (ECF No. 38.)

Contrary to plaintiff's claims, the Court did not order defendants to provide plaintiff with a copy of his medical records in the May 28, 2025 order. (ECF No. 33.) Rather, the Court ordered the parties to meet and confer concerning plaintiff's medical records from the jail and Mercy San Juan Medical Center, hoping to avoid the necessity of having to issue a subpoena to be served by the U.S. Marshal. (ECF No. 33 at 4.) As it turns out, as of March 20, 2025, defendants had already provided plaintiff with copies of his medical records from the Sacramento County Jail. Further, on May 2, 2025, defendants had already subpoenaed plaintiff's medical records from Mercy San Juan Medical Center. These medical records are relevant to plaintiff's claim of injuries sustained during the alleged use of excessive force. In addition, as pointed out by plaintiff, he does not have email or access to email, and his incarceration at the Sacramento County Jail means he is unable to view these documents electronically. Finally, plaintiff's application to proceed in forma pauperis, which was granted, demonstrates that plaintiff has no income and is indigent. (ECF No. 2.) Therefore, the Court finds good cause to order counsel for defendants to provide plaintiff with a hard copy of plaintiff's medical records from Mercy San Juan Medical Center obtained through the May 2, 2025 subpoenas. See Fed. R. Civ. P. 26(b)(1).

V.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to requests for production of documents (ECF No. 34) is denied as untimely.

5

2. Plaintiff's motion to compel further responses to requests for admission and requests for production (ECF No. 35) is denied as untimely.

3. Defendants are relieved of their obligation to respond to plaintiff's August 8, 2025 motion (ECF No. 38).

4. Within 21 days from the date of this order, counsel for defendants shall provide plaintiff with a copy of the medical records obtained from Mercy San Juan Medical Center by subpoenas.

5. Plaintiff's renewed motion seeking medical records (ECF No. 38) is denied as moot.

Dated: August 13, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/broo2001.mtc2

6